**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YU GUO,<br><br>        Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>        Respondent. | No.   16-70291<br><br>Agency No. A201-191-795<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2018[**]
Pasadena, California

Before:  O'SCANNLAIN and IKUTA, Circuit Judges, and STEEH,[***] District
Judge.

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]      The Honorable George Caram Steeh III, United States District Judge
for the Eastern District of Michigan, sitting by designation.

Petitioner, Yu Guo, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") denial of application for asylum and relief from removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. The BIA dismissed his application as untimely because Petitioner did not file his application within one-year after arriving in this country as required by 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2), and failed to show changed or extraordinary circumstances that would excuse his untimeliness. For the reasons stated below, we deny the petition.

1. Substantial evidence supports the BIA's conclusion that extraordinary circumstances do not justify Petitioner's untimely filing. Extraordinary circumstances include maintaining lawful status until a reasonable period before filing for asylum. 8 C.F.R. § 1208.4(a)(5)(iv). Petitioner's lawful status ended when he dropped out of school in March, 2009, not when Immigration and Customs Enforcement ("ICE') notified him of his removability for doing so in June, 2011. *Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir. 2008) (student who drops of out school loses F-1 status as of that date). Petitioner's delay in applying for asylum nearly four years after arriving in the United States, and 25 months after he stopped attending school, without any explanation, is unreasonable. *See id*. at 1050 (waiting 22-months after failing to enroll in school to file for asylum

unreasonable); *Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008) (waiting 364-days after end of lawful status to apply for asylum unreasonable and recognizing that "reasonable period" for filing would not ordinarily exceed six months after end of lawful status).

2. Substantial evidence also supports the BIA's conclusion that Petitioner's untimeliness is not excused under the "changed circumstances" exception. 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4). Shortly before coming to the United States in 2007, Petitioner's high school teacher lectured him and a small group of his classmates on Christianity, which led to his arrest and brief detention until his mother paid a fine and secured his release. During this encounter with police, Petitioner was accused of taking part in anti-government activities and slapped twice. In November, 2008, and February, 2009, Petitioner mailed religious materials back to that teacher in China. In March, 2009, Petitioner's mother told him that the police had come to her and told her that if he returned to China he would be arrested for sending anti-government materials. The police never contacted her again, but in November, 2010, Petitioner's mother went to the police of her own accord and was told his case was still open. She told him that if he returned to China, he would be arrested.

16-70291

Substantial evidence also supports the BIA's conclusion that his mother's visit to the police in November, 2010 does not amount to "changed circumstances" which materially affected Petitioner's eligibility for asylum. The BIA correctly concluded that the November, 2010 police visit instigated by his mother was a mere continuation of the March, 2009 police visit which put Petitioner on notice that he was subject to arrest for mailing religious materials if he returned to China. Petitioner's situation is markedly distinguishable from *Vahora v. Holder*, 641 F.3d 1038, 1043-44 (9th Cir. 2011), where we found changed circumstances in India existed which excused petitioner's untimeliness because deadly riots took place after Petitioner left the country, his house and farmhouse were burned down, one brother was arrested and had not been seen since, and another brother disappeared after police threatened to arrest him. By contrast, Petitioner can point to no changed country conditions in China, nor any repercussions to his family members, that would excuse his failure to timely file for asylum.

3. Substantial evidence also supports the BIA's conclusion that Petitioner is not entitled to withholding of removal because he failed to prove that it is more likely than not that he would be subject to persecution based on protected status if removed to China. Because Petitioner on appeal to the BIA did not argue that he was persecuted in China and has not demonstrated past persecution, Petitioner is

not entitled to a presumption that his life or freedom would be threatened in the future. *See* 8 C.F.R. § 1208.16(b)(1). Rather, he must establish a clear probability of future persecution in China. *See Tamang v. Holder,* 598 F.3d 1083, 1091 (9th Cir. 2010); *Al-Harbi v. I.N.S.*, 242 F.3d 882, 890-91 (9th Cir. 2001). Petitioner has failed to demonstrate that his conversion to Christianity while in the United States, or his mailing of religious materials to China in 2008 and 2009, puts him at risk for persecution upon removal. Since early 2009, the police have not sought out any of Petitioner's relatives seeking news of his return or indicating any intention of arresting him. His mother's own inquiry to the police in November, 2010, where she learned his case was not closed, does not suggest there is a clear probability that Chinese authorities are looking for him and would persecute him now. *See Gu v. Gonzales*, 454 F.3d 1014, 1021-22 (9th Cir. 2006) (holding Chinese Christian did not have a well-founded fear of future prosecution even where a friend told him that authorities had come to look for him, and police visited his home and told his wife to ask him back for questioning).

**PETITION FOR REVIEW DENIED.**